UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-486-GWU

JONATHAN HONEYCUTT, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Currently before the court is the defendant's Motion to Alter or Amend the court's order awarding plaintiff's counsel $1,700.00 in attorney's fees under the Equal Access to Justice Act (EAJA). Docket Entry No. 18. The defendant requests that the order be amended to make the fee payable to the plaintiff, rather than his counsel.

In light of a recent ruling by Chief Judge Jennifer B. Coffman in Powell v. Astrue, London Civil Action No. 07-93-JBC (E.D. Ky. June 2, 2008), the undersigned believes that the weight of recent authority supports the Commissioner's position. Citing opinions from the Tenth and Eleventh Circuits, Judge Coffman noted that "the clear language of the statute requires attorney's fees to be awarded to the plaintiff as the 'prevailing party,' rather than to the plaintiff's

1

06-684  Jonathan Honeycutt

attorney." Slip. op. at 3. See Manning v. Astrue, 510 F.3d 1246, 1251 (10th Cir. 2008); Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008).[1]

Counsel for the plaintiff argues that language in the unpublished Sixth Circuit case of King v. Commissioner of Social Security, 230 Fed. Appx. 476, 2007 WL 930275 (6th Cir. 2007) supports his position.[2]  As counsel notes, the Sixth Circuit commented that "attorney's fees awarded under EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep."  However, this language is not central to the holding in King.  The case concerned a District Court order denying a motion for attorney's fees under EAJA because it had been brought on behalf of the plaintiff's counsel alone, rather than on the claimant's behalf.  The Sixth Circuit reversed because the pleadings as a whole established that the attorney was seeking fees on behalf of his client. Id. at 480.  In any case, while King provides that "the statute does not contemplate that a fee award be made to a party to be retained," it does not state that the fee must be made to the attorney directly.  Id. at 481.

---

[1] The case of Dixon-Townsell v. Barnhart, 445 F.Supp.2d 1283 (N.D. Okla. 2006), cited by the plaintiff, was overruled by the Tenth Circuit in Manning, 510 F.3d at 1253.

[2] Unpublished decisions of the Sixth Circuit are not binding authority, but can be persuasive authority.  Harper v. Autoalliance International, 392 F.3d 195, 205 n. 3 (6th Cir. 2004) (citations omitted).

06-684 Jonathan Honeycutt

Concerning the plaintiff's argument that EAJA should be interpreted in conjunction with 42 U.S.C. § 406(b) because the latter requires an attorney to refund to the claimant the smaller of the two fees if fees are awarded under both § 406(b) and under EAJA, Judge Coffman noted that "this ensures that the attorney does not receive double compensation, and does not indicate that both awards are paid directly to the attorney." Powell, supra, slip. op. at 2.

Accordingly,

IT IS HEREBY ORDERED that:

(1) the defendant's Motion to Alter or Amend Order Awarding Attorney's Fees Pursuant to the Equal Access to Justice Act is GRANTED; and

(2) the plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act is GRANTED to the extent that the plaintiff is awarded attorney's fees in the amount of $1,700.00.

This the 13th day of August, 2008.



Signed By:
G. Wix Unthank
United States Senior Judge